UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANN SHUCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14CV288 RLW |
| ) | |
| INTERNATIONAL ASSOCIATION ) | |
| OF MACHINISTS AND AEROSPACE ) | |
| WORKERS, DISTRICT 837, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant International Association of Machinists and Aerospace Workers, District 837's Motion for Summary Judgment (ECF No. 21) and Plaintiff Ann Shuck's Motion to Deny Defendant International Association of Machinists and Aerospace Workers, District 837's Motion for Summary Judgment as Premature, or in the Alternative, for an Extension of Time to Respond (ECF No. 24). Defendant filed the motion on August 28, 2014, and Plaintiff filed her motion and response in opposition on September 26, 2014. Defendant did not file a reply brief, and the time for doing so under E.D. Mo. L.R. 4.01 has expired. Thus, the Court finds that the motion is ready for disposition.

## Background

Plaintiff was employed by Defendant International Association of Machinists and Aerospace Workers, District Lodge 837 ("District Lodge 837") as a Secretary-Business Representative from March 2005 until her termination in February 2013. (Pl.'s Compl. ¶¶ 4, 12, ECF No. 2; Def.'s Statement of Undisputed Material Facts ¶ 1, ECF No. 23) While employed, Plaintiff was a member of Defendant Service Employees International Union, Local Missouri

Division ("SEIU"), which had a collective bargaining agreement with District Lodge 837. (Pl.'s Compl. ¶ 5, ECF No. 2) On December 9, 2009, Plaintiff fell down the stairs at work and suffered injuries, and she subsequently filed a workers' compensation claim. (*Id.* at ¶¶ 6-8) Plaintiff asserts that after filing the claim, her supervisors made the work environment hostile by restricting her freedom at work and discussing her workers' compensation claim in front of other employees. (*Id.* at ¶ 9) On February 8, 2013, Plaintiff settled her workers' compensation claim. (*Id.* at ¶ 10)

On February 25, 2013, Defendant's union treasurer/secretary suspended Plaintiff amid accusations that she changed the date of a union notice from March 12 to March 19. (*Id.* at ¶ 11) Plaintiff received a discharge letter on February 28, 2013 indicating that her discharge was effective on February 25, 2013. (*Id.* at ¶ 12) Plaintiff appealed the decision, and the Missouri Division of Employment Security granted her unemployment compensation. (*Id.* at ¶ 13) Thereafter, Plaintiff contacted her union representative at SEIU and requested that the union file a grievance to overturn her discharge; however, the union declined to take action. (*Id.* at ¶¶ 14-15)

On January 13, 2014, Plaintiff filed a Petition for Wrongful Termination from Employment and Union Breach of Duty of Fair Representation, alleging that Defendant District Lodge 837 discharged her in retaliation for exercising her right to workers' compensation. (*Id.* at ¶¶ 16-20) Plaintiff also alleged that Defendant SEIU breached its duty of fair representation by refusing to pursue arbitration for Plaintiff. (*Id.* at ¶¶ 21-28) Defendants removed the action to federal court on February 18, 2014. On August 28, 2014, Defendant District Lodge 837 filed a Motion for Summary Judgment claiming that Plaintiff is unable to show the existence of any issue of material facts demonstrating that the exercise of Plaintiff's rights under the Workers

2

Compensation Act was a contributing factor in her termination. As such, Defendant asserts that it is entitled to judgment as a matter of law. Plaintiff, on the other hand, maintains that Defendant's motion is premature, as Plaintiff has not had time to conduct adequate discovery. Plaintiff requests that this Court deny Defendant's motion as premature. The undersigned agrees that the motion is premature and will accordingly deny Defendant's Motion for Summary Judgment without prejudice.

## **Legal Standards**

Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant a motion for summary judgment only if all of the information before the court show "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court must view the evidence and all reasonable inferences in the light most favorable to the non-moving party. *Hutson v. McDonnell Douglas Corp.*, 63 F.3d 771, 775 (8th Cir. 1995).

The moving party has the initial burden to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party, who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 586 (1986).

"'As a general rule, summary judgment is proper only after the nonmovant has had adequate time for discovery.'" *Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P.*, 687 F.3d 1045, 1049-50 (8th Cir. 2012) (quoting *Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th Cir. 1999)) (internal quotation omitted). "'Nonmovants may request a continuance under Rule 56([d]) until adequate discovery has been completed if they otherwise cannot present facts sufficient to justify their opposition. This option exists to prevent a party from being unfairly thrown out of court by a premature motion for summary judgment.'" *Id.* at 1050 (quoting *Iverson*, 172 F.3d at 530). However, under Rule 56(d) the nonmovant must present an affidavit showing what further discovery might uncover or what information that discovery may reveal. *Id.* (citations omitted). "The purpose of Rule 56(d) is 'to provide an additional safeguard against an improvident or premature grant of summary judgment . . . and [the rule] should be applied with a spirit of liberality.'" *Desirey v. Huawei Device USA, Inc.*, No. 4:13CV445 SNLJ, 2013 WL 5676310, at *1 (E.D. Mo. Oct. 18, 2013) (quoting *U.S. ex. rel Bernard v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002)).

## Discussion

Here, Defendant District Lodge 837 argues that Plaintiff is unable to show a genuine dispute that Plaintiff's filing a workers' compensation claim was a contributing factor in her discharge. Defendant has submitted affidavits from members and employees of District Lodge 837, including an affidavit and accompanying exhibits from Gordon King, the CEO of District Lodge 837. In response, Plaintiff has filed an affidavit from her attorney of record indicating that nearly all of Defendant's facts are from the affidavit of Gordon King, who has not yet been deposed in this matter. Further, Plaintiff maintains that she requires the depositions of other

4

witnesses with regard to Plaintiff exercising her rights under workers' compensation law to show that this exercise was a "contributing factor" to her termination. (Aff. Of Richard K. Dowd, ECF No. 24-1) Plaintiff asserts that discovery will demonstrate that Defendant was generally hostile to employees who exercised their rights under workers' compensation law, that Defendant discouraged workers' compensation claims, and that Plaintiff's workers' compensation claim and settlement were a contributing factor to her discharge.

The Court finds that this case is still in the early stages of litigation. A Case Management Order was just entered in this case, with a discovery deadline of May 7, 2015 and a dispositive motion deadline of June 1, 2015. Further, Plaintiff has not yet had the opportunity to take the depositions of Mr. King and other employees of Defendant. Additionally, Plaintiff has identified specific facts she seeks through discovery and what methods of discovery she will utilize to develop those facts. Thus, the Court will grant Plaintiff's motion in part and deny Defendant's motion for summary judgment as premature. *See, e.g., Rummel v. Mass. Mut. Life Ins. Co.*, No. 4:13CV1743 RWS, 2013 WL 1116741, at *1 (E.D. Mo. March 20, 2014) (denying plaintiff's motion for partial summary judgment as premature where discovery deadlines had not lapsed and defendant demonstrated that it did not have adequate time to complete discovery and file a response); *Desirey*, 2013 WL 5676310, at *2 (granting plaintiff additional time to take discovery to fully respond to defendants' summary judgment motion); *M.R. v. Twin City Fire Ins. Co.*, No. 4:12CV0632 AGF, 2013 WL 150259, at *1 (E.D. Mo. Jan. 14, 2013) (denying as premature plaintiff's motion for partial summary judgment where defendant did not have sufficient time to conduct discovery, and defendant "identified specific discovery it has requested from Plaintiff that bears on the issues raised by Plaintiff").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Ann Shuck's Motion to Deny Defendant International Association of Machinists and Aerospace Workers, District 837's Motion for Summary Judgment as Premature, or in the Alternative, for an Extension of Time to Respond (ECF No. 24) is **GRANTED,** in part.

**IT IS FURTHER ORDERED** that Defendant International Association of Machinists and Aerospace Workers, District Lodge 837's Motion for Summary Judgment (ECF No. 21) is **DENIED** without prejudice.

Dated this 5th Day of November, 2014.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE